IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KELLY P. GRIFFITH, | CASE NO. 2:08–cv-1032 |
| | JUDGE SMITH |
| Petitioner, | MAGISTRATE JUDGE KEMP |
| v. | |
| ROBIN KNAB, WARDEN<br>Chillicothe Correctional Institution, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's Return of Writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The procedural history of this case is summarized as follows. On January 19, 2006, petitioner was indicted by a Franklin County Grand Jury on two counts of gross sexual imposition in violation of Ohio Revised Code §2907.05, and two counts of rape in violation of Ohio Revised Code §2907.02. *Exhibit 1 to Return of Writ*. Petitioner entered a negotiated plea of guilty to two counts of gross sexual imposition, one count of rape without force and one count of rape and received an agreed sentence of ten years. *Exhibits 2 and 3 to Return of Writ*. Petitioner was automatically classified as an aggravated sexually oriented offender as a result of his convictions. *Exhibits 4 and 25 to Return of Writ*.

Petitioner failed to file a timely appeal to the Tenth District Court of Appeals, Franklin County. On October 12, 2006, petitioner, proceeding *pro se*, filed a notice of appeal in the Tenth District Court of Appeals. *Exhibit 5 to Return of Writ*. On November 9, 2006, the Court of Appeals *sua sponte* dismissed petitioner's appeal as untimely pursuant to Ohio Appellate Rule 4 and noted that petitioner had not moved for leave to file a delayed appeal pursuant to Ohio Appellate Rule 5(A). *Exhibit 6 to Return of Writ*.

On December 19, 2006, petitioner, represented by counsel, filed a notice of appeal and a motion for leave to file a delayed appeal in the Tenth District Court of Appeals. *Exhibits 7 and 8 to Return of Writ*. On February 22, 2007, the Court of Appeals denied petitioner leave to appeal, holding that he had failed to demonstrate a reasonable explanation for his failure to appeal timely as to all issues other than the aggravated sexual offender determination. *Exhibit 10 to Return of Writ*. With respect to the aggravated sexually oriented offender determination, the Tenth District found that the appeal was timely but that petitioner could not appeal the determination because the trial court was "statutorily required" to make such an adjudication. *Id.* Petitioner did not file an appeal with the Ohio Supreme Court.

On April 6, 2007, petitioner, represented by counsel, filed a notice of appeal and a motion for leave to file a delayed appeal in the Tenth District Court of Appeals. *Exhibits 11 and 12 to Return of Writ*. The Court of Appeals denied petitioner's motion on *res judicata* grounds. *Exhibit 14 to Return of Writ*.

Petitioner, proceeding *pro se*, timely appealed the denial of his second delayed

appeal to the Ohio Supreme Court asserting (in these exact words) the following propositions of law:

> 1. Due process and equal protection under the law should not be disregarded for indegent defendants. The 14th Amendment to the U.S. Constitution applys to all people.
>
> 2. Appellate Rule 5 cannot be used to hide behind while appeals are stamped with "res judicata" and denied.
>
> 3. Appellate Court failed to uphold indigent defendants rights when trial court failed to disclose statute 2953.08(D)(1) in its entirety.
>
> 4. Misapplication of Statute 2950.01(0), used to raise the sentence from the minimum is a result of trial court error. Appellate Court erred in its Memorandum Decision dated February 22, 2007.
>
> 5. Ineffective Assistance of trial Counsel. Counsel prevented Indigent defendant from understanding or knowing his appellate rights.
>
> 6. Predator status not included on indictment per RC 2941.148, and other various violations.

*Exhibit 15 to Return of Writ*. On October 24, 2007, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *Exhibit 16 to Return of Writ*. Petitioner filed a motion for reconsideration, which was denied by the Ohio Supreme Court on December 26, 2007. *Exhibits 17 and 19 to Return of Writ*.

On March 30, 2008, petitioner, still proceeding *pro se*, filed a motion in the Franklin County Court of Common Pleas challenging his status as an aggravated sexually oriented

3

offender and his sentence pursuant to *Cunningham v. California*, 549 U.S. 270 (2007). There is no indication in the record that a ruling on this motion was ever issued.

On November 5, 2008, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Improper indictment per U.S. Constitution Article IV, V, VI, XIV and Ohio Constitution, Article I, Section 10.
>
> 2. Misapplication of Ohio Revised Code Section 2950.01(O) by trial judge and appellate court per U.S. Constitution Article IV, V, VI, XIV and Ohio Constitution Article I, Sections 10 and 14.
>
> 3. Ineffective assistance of trial counsel per U.S. Constitution Article VI, XIV and Ohio Constitution Article I, Sections 10 and 14.

It is the position of the respondent that petitioner's claims are unexhausted or procedurally defaulted. The Court agrees that all of petitioner's claims are procedurally defaulted.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for

failure to exhaust state remedies. *Id.;Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam; Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982);*Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94

5

(6th Cir.1985).

As it concerns petitioner's first and second claims, and any portion of his third claim that includes errors apparent on the face of the record, petitioner may no longer present his claims to the state courts under Ohio's doctrine of *res judicata*. *State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967). The Tenth District Court of Appeals specifically relied on that doctrine in denying petitioner's second motion for leave to file a delayed appeal. The Ohio Supreme Court denied leave to appeal from this decision. Consequently, the first and second parts of *Maupin* have been met with respect to petitioner's claims.

The Court must next decide whether the procedural rule at issue constitutes an adequate and independent bases upon which to foreclose review of the petitioner's federal constitutional claims. This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims. *See Maupin v. Smith*, 785 F.2d at 138. The Court of Appeals for the Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.,* the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir.2006); *Coleman v.Mitchell*, 268 F.3d 417, 427-29 (6th Cir.2001); *Seymour v. Walker,* 224 F.3d 542, 555 (6th Cir.2000); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir.2000); *Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir.1998). The doctrine of *res judicata* is stated in unmistakable terms in countless Ohio decisions, and Ohio courts have consistently refused, in reliance on that doctrine, to review the merits of claims. *See State v. Cole,*

*supra; State v. Ishmail, supra.* Further, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that *res judicata* does not rely on or otherwise implicate federal law. The third part of the *Maupin* test has been met.

To the extent that petitioner's ineffective assistance of trial counsel claim might involve evidence not readily apparent from the record, it would be properly raised in a petition for post conviction relief pursuant to O.R.C. §2953.21. However, it does not appear from the record that petitioner ever presented such an issue in his post conviction petition. *See Exhibit 20 to Return of Writ.* Further, any attempt now to present such a claim to the state courts in an untimely and successive petition would most certainly be barred.[1] This Court deems the first and second parts of the *Maupin* test to

---

[1] O.R.C. §2953.23 provides:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

have been satisfied with respect to this claim. Further, as discussed above, *res judicata* is an adequate ground for denying habeas corpus relief. The third part of *Maupin* has been met.

Thus, petitioner has waived his right to present his claims . He may still obtain review of these claims on the merits if he establishes cause for his procedural defaults, as well as actual prejudice from the alleged constitutional violations. Petitioner has failed to establish cause for the procedural default of his claims.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether

---

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

As used in this division, "actual innocence" has the same meaning as in division (A)(1)(b) of section 2953.21 of the Revised Code.

(B) An order awarding or denying relief sought in a petition filed pursuant to section 2953.21 of the Revised Code is a final judgment and may be appealed pursuant to Chapter 2953. of the Revised Code.

The record does not reflect that petitioner could meet these requirements.

this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333. After review of the record, the Court does not deem this to be such a case. Petitioner pleaded guilty, and the claims he raises do not go to guilt or innocence.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge